Entech Eng'g, P.C. v Dewberry Engrs. Inc. (2022 NY Slip Op 02360)

Entech Eng'g, P.C. v Dewberry Engrs. Inc.

2022 NY Slip Op 02360

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Index No. 653172/15 Appeal No. 15711-15712-M-3765 Case No. 2020-00023, 2020-00024, 2020-00046 

[*1]Entech Engineering, P.C., Plaintiff-Appellant,
v
Dewberry Engineers Inc., et al., Defendants-Respondents.

Nicoletti Spinner Ryan Gulino Pinter, New York (Matthew G. Corcoran of counsel), for appellant.
Tesser & Cohen, New York (Steven Cohen of counsel), for Dewberry Engineers Inc., respondents.

Orders, Supreme Court, New York County (Melissa A. Crane, J.), entered October 16, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, and denied as moot plaintiff's motion for summary judgment on the complaint, unanimously affirmed, without costs.
In July 2013, defendant Dewberry Engineers, Inc. contracted with the New York City Economic Development Corporations' Build-It-Back Hurricane Sandy Program to inspect some 10,000 New York City homes for structural, asbestos, and lead paint issues; Dewberry retained plaintiff as subcontractor to perform 2,000 preconstruction lead paint inspections of single-family residences. As relevant here, the City's payment to Dewberry for plaintiff's services was a "condition precedent" to Dewberry's duty to pay plaintiff ("pay-when-paid" or "pay-if-paid" clause). In February 2015, Dewberry terminated plaintiff for cause, and plaintiff later brought claims based on three unpaid invoices for lead inspection services totaling $1,464,983.00.
Plaintiff moved for summary judgment on its claims, arguing, among other things, that Dewberry's failure to pay the invoices was a breach of the subcontract, and that regardless of the subcontract's Virginia choice-of-law clause, New York law controlled, especially with respect to the enforceability of the pay-if-paid clause, which plaintiff argued violated New York public policy. Dewberry moved for summary judgment dismissing the complaint, and alternatively for partial summary judgment dismissing certain of plaintiff's claims, arguing, among other things, that the pay-if-paid provision was valid and applicable and barred the claims because the City had not paid Dewberry for the invoices at issue.
Given the evidence that Dewberry was not paid on the invoices, Supreme Court correctly granted Dewberry's motion for summary judgment dismissing the claims based on the pay-if-paid provision in the subcontract, which is enforceable under either New York law or the Virginia law that was then in effect. To the extent plaintiff argues that enforcement of the pay-if-paid provision violates New York public policy, the court correctly found that with respect to a subcontractor who has rights to file a lien under the Lien Law, a pay-if-paid contract provision forcing the subcontractor to assume the risk that the owner will fail to pay the general contractor is void and unenforceable as against public policy (Lien Law § 34; see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co. , 87 NY2d 148, 158 [1995]). However, as the court also correctly found, where a subcontractor has no such Lien Law rights, there is no basis for finding that a pay-if-paid clause violates New York public policy. Because the court had dismissed plaintiff's cause of action for foreclosure on a public improvement lien, plaintiff no longer had any Lien Law rights, and there was no impediment to enforcement of the pay-if-paid clause.
Plaintiff [*2]contends that its rights under the Lien Law were implicated because it performed its inspection work with the consent of the private homeowners and that the lack of any contractual relationship with those homeowners did not bar it from filing a private mechanics' lien. However, although plaintiff performed its work with the homeowners' consent, the work it was performing was for home lead inspections and thus does not constitute "labor for the improvement of real property" subject to a private mechanics' lien (see Lien Law § 3).
We have considered plaintiff's remaining arguments in opposition to Dewberry's motions for summary judgment and find them unavailing. M-3765 - EnTech Engineering, P.C. v 
Dewberry Engineers Inc. Motion to strike part of plaintiff's reply brief
granted to the extent of granting defendants leave to
file a surreply and deeming their brief in support of the
motion the surreply.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022